CLAIR S. HUFFMAN AND ESTATE OF PATRICIA C. HUFFMAN, DECEASED, CLAIR S. HUFFMAN, EXECUTOR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent *
Huffman v. Commissioner
Docket No. 8542-89
United States Tax Court
T.C. Memo 1994-73; 1994 Tax Ct. Memo LEXIS 70; 67 T.C.M. (CCH) 2237; February 23, 1994, Filed *70 Decision will be entered under Rule 155. For petitioners: Steven L. Staker. For respondent: Stephen R. Asmussen. NAMEROFF
NAMEROFF
SUPPLEMENTAL MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This case, involving petitioners' motion for litigation costs, is before us on remand from the United States Court of Appeals for the Ninth Circuit. In our prior opinion, , affd. in part, revd. in part, and remanded , we held, in part, that the effective date from which to measure the cost of living adjustment provided in section 7430 [1] is October 1, 1981. The Court of Appeals reversed and held that the effective date was January 1, 1986. The effect of this reversal will be reflected in a Rule 155 proceeding. The Court of Appeals further remanded the case to us for a detailed explanation as to how the award of attorney's fees and costs was calculated. In this connection the Court of Appeals indicated that the cost of the filing fee in this Court should have been allowed, because the petition was necessitated by the Commissioner's unjustified failure to respond in a timely fashion *71 in the administrative phase. We begin by noting, initially, that the Ninth Circuit Court of Appeals has stated, in connection with the quantum of explanation required in an attorney's fees determination: On the one hand, we need some "indication or explanation of how the district court arrived at the amount of fees awarded" because without an adequate explanation, "it is simply not possible for this court to review such an award in a meaningful manner." , amended ; . "On the other hand, we do not require an elaborately reasoned, calculated, or worded order; a brief explanation of how the court arrived at its figures will do". . *72 The fee applicant has the burden of producing satisfactory evidence as to the number of hours reasonably spent on the case. This is normally done by submission of time charge records. In the instant case, petitioners' counsel has submitted summaries of the time charges. In the appendix to this opinion we reproduce, in part, the summary of the claims made by petitioners' counsel, both in the original motion for litigation costs and in the supplemental motion. It is to be noted that there are numerous instances of combinations of activities for which a one-time charge is made, and it is extremely difficult for the Court to determine precisely the number of hours spent on various tasks. We observe the following with respect to charges made subsequent to the filing of respondent's answer conceding the case: (1) Some portion of 23.5 hours was charged to research with regard to the fees application; (2) some portion of 11.4 hours was charged to conferences or activities with another attorney; (3) some portion of 16 hours was charged to research with regard to a reply to respondent's objection. We think the amount of time assigned to legal research solely for the purpose of enhancing *73 the fee petition is unreasonable. We question the need to bring in another attorney for review and consultation and to charge the client with the time spent by each. Petitioners' counsel, in his motion, had claimed a higher rate for the attorney's fees than provided by statute based upon his alleged expertise as a special factor. We denied the higher rate in our prior opinion, and the claimed charges do not reflect such expertise. The elaborateness of the motion, affidavits, supplemental motions and affidavits, and reply to respondent's objection was unnecessary. Accordingly, using our best judgment, we award petitioners legal fees for 5.9 hours charged prior to filing of the petition. Further, we award petitioners' counsel the attorney's fees claimed as set forth in the motion and supplement to the motion (including paralegal fees) reduced as follows: for the period beginning September 26, 1989, we reduce the time spent for legal research by 8 hours. [2] Further, we reduce the claim by 4 hours for conferences with KGS, 2 hours pertaining to 1989, and 2 hours pertaining to 1990. Accordingly, petitioners are entitled to recover for 55.2 hours of attorney services. *74 Furthermore, we allow petitioners to recover their paralegal fee, costs, and filing fee as set forth in the motion and amendment to the motion in the total amount of $ 156.77. Decision will be entered under Rule 155. Appendix Time spent by petitioner's counsel is designated with the initials "SLS", and time spent by another attorney with the law firm is indicated by the initials "KGS". Paralegal time is represented with the initials "LS". ATTORNEY'S FEES Date
Person
Description
Time 2/3/89
SLS
Telephone conference with client;
.4 telephone conference with IRS in
San Jose; transmittal letter to
San Jose with Power of Attorney.
2/16/89
SLS
Telephone conference with Revenue
.2 Agent Larry Penny re audit
reconsideration on 85 tax year;
telephone conference with client.
2/17/89
KGS
Conference between attorneys KGS
.2 and SLS.
2/17/89
SLS
Review of various reports and
1.3 forms; legal research in TMRA on
requirements for statutory notice
and attorney fee provisions; legal
research in TEFRA partnership
proceeding provisions.
2/22/89
SLS
Review of documentation on trust
.5 account; legal research on TEFRA
partnership rules.
2/23/89
SLS
Meeting with IRS auditor; tele-
1.2 phone conference with client;
transmittal to auditor; legal
research; conference with KGS;
correspondence to 90 day notice
clerk.
4/24/89
SLS
3 telephone conferences with IRS
1.4 auditor, San Jose 90-day Section
and client; conference with KGS;
preparation of petition to Tax
Court.
4/24/89
KGS
Conference between attorneys KGS
.1 and SLS.
4/25/89
SLS
Revision of Tax Court petition;
.6 preparation of transmittal to Tax
Court and designation of place
of trial.
6/28/89
SLS
Telephone conference with Elizabeth
.6 Rawlins re audit background and
notice of deficiency; preparation of
correspondence to Rawlins, IRS
attorney, re extension for answering.
7/05/89
SLS
Review IRS answer; transmittal to
.2 client.
7/26/89
SLS
Preparation of motion to amend caption
1.4 and substitute party petitioner; 2
telephone conferences with IRS District
Counsel Offices; transmittal to Tax
Court and transmittal to client.
8/07/89
SLS
Preliminary draft of motion for
.4 judgment on pleadings.
8/08/89
SLS
2 telephone conferences to District
1.8 Counsel Thousand Oaks; Telephone
conference to District Counsel San
Jose; review of file; further work on
motion for judgment on pleadings.
8/09/89
SLS
Telephone conference with Glorianne
1.1 Jones; two telephone conferences to
District Counsel San Jose; further work
on motion for judgment on pleadings;
revision of motion; transmittal letter
to Tax Court; telephone conferences
with Elizabeth Rawlins and Steven
Asmussen at District Counsel San Jose.
8/16/89
SLS
Review of proposed decision document
5.5 and letter from Steven Asmussen;
review of file; conference between
attorneys KGS and SLS re settlement
position; legal research on Section
7430 and legislative history, TMRA '88
amendments to Section 7430, review of
relevant case law; preparation of new
decision document; long letter of
explanation to Steven Asmussen; meeting
with client to discuss decision
document; revision of letter; conference
between attorneys KGS and SLS.
9/05/89
SLS
Review of IRS letter rejecting settle-
.2 ment offer; conference between attorneys
KGS and SLS.
9/13/89
SLS
Review of IRS notice of no objection;
.1 transmittal to client.
9/14/89
SLS
Telephone conference with Nancy
.1 Williams at VCEDA re CPI for Ventura
County.
9/26/89
SLS
Legal research on attorney's fees.
.4 9/27/89
SLS
Legal research in Tax Court Rules
1.8 and case law on attorney's fees;
preliminary draft of motion; further
work on motion.
10/02/89
SLS
Further work on motion.
.3 10/03/89
SLS
Legal research in case law on attorney
1.2 fees; preliminary draft of attorney
affidavit in support; further work
on motion.
10/05/89
SLS
Telephone conference with client;
1.2 legal research on attorney fee cases;
review of detailed statement of time
spent; further work on motion for
attorney's fees.
10/09/89
SLS
Legal research on Equal Access to
.3 Justice Act, 2 telephone conferences
with Nancy Williams at Ventura County
Economic Development re consumer
price index.
10/10/89
SLS
Further legal research on attorney
2.8 fee case law; 2 telephone conferences
with U.S. Bureau of Labor Statistics;
preparation of client affidavit in
support of motion; further work on
motion and attorney affidavit; conference
with KGS; review file; transmittal to
client with affidavit.
10/10/89
KGS
Conference with SLS re attorney's fee
.3 motion.
10/12/89
SLS
Final review and revision of attorney
1.6 affidavit and motion for fees;
telephone conference with U.S. Bureau
of Labor Statistics and California
Department of Financial and Economic
Research; transmittal letter to
Tax Court.
10/12/89
KGS
Final review of motion and affidavit.
.4 12/28/89
SLS
Preparation of amendment to motion
1.9 and motion for leave to amend.
12/29/89
SLS
Telephone conference with Stephen
.6 Asmussen re amendment to motion;
revision of amendment; transmittal
to Tax Court with amendment.
1/18/90
SLS
Review of IRS objection to motion
.5 for attorney's fees.
1/26/90
SLS
Further legal research in case law and
2.8 legislative history on attorney's fees.
1/29/90
SLS
Conference with KGS; work on draft
1.4 of reply to objections on motion
for attorney's fees; telephone
conference with client.
1/30/90
SLS
Legal research on attorney's fees and
2.9 cost of living indexes; further work
on reply to objections.
1/31/90
SLS
Further work on reply to objections;
7.1 preparation of supplemental
affidavits.
2/1/90
SLS
Legal research; further work on
4.6 drafting reply to IRS objections and
drafting supplemental affidavits.
2/2/90
SLS
Further work on drafting and revising
2.8 reply and affidavits.
2/5/90
SLS
Revision of reply, telephone
1.5 conference with client, preparation
of affidavit for KGS.
2/5/90
KGS
Revision of reply and affidavits,
1.0 legal research on Phi-Net.
PARALEGAL FEES
7/05/89
LS
Transmittal to client re Tax Court.
.1 COSTS ADVANCED
4/25/89
Filing Fees. U.S. Tax Court
60.00
2/3/89 - 10/12/89
U.S. Postage and Certified Mail Fee
13.30
2/3/89 - 10/12/89
Long Distance Telephone Calls
4.72
2/3/89 - 10/12/89
Photocopying
34.80
12/29/89 - 1/31/90
U.S. Postage
5.40
12/29/90 - 1/31/90
Photocopying
27.50
*75 Footnotes
*. This opinion supplements Huffman v. Commissioner, T.C. Memo. 1991-144.↩
1. All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. To simplify the calculations, this latter reduction of 8 hours should be made from 1990 time charges.↩